## SUTHERLAND v. McKINNEY et al.

(Orange County Court. February 14, 1890.)

1. SHERIFFS AND CONSTABLES—INSUFFICIENT LEVY—LIABILITY ON BOND.
   Where a constable's bond, given under Laws N. Y. 1872, c. 788, providing that the constable and his sureties shall be liable to any person "for any damages which he may sustain from or by any act or thing done by said constable by virtue of his office," by its terms includes acts of omission as well as commission, the constable and his sureties are liable for the deficiency where the constable levies an attachment on part only of the property of a debtor who at the time has sufficient property to satisfy plaintiff's claim, and after judgment against the debtor the property attached does not sell for enough to satisfy the judgment, though the property attached was appraised at a sufficient valuation.

2. JUSTICES OF THE PEACE—JURISDICTION—PUBLIC OFFICERS.
   Under Code Civil Proc. N. Y. § 2865, providing that "an action cognizable by a justice of the peace may be brought * * * by or against a town or county officer in his official character," a justice has jurisdiction of an action on the official bond of a constable to recover damages for an insufficient levy of an attachment.

Appeal from justice court.

Action by William Sutherland against George B. McKinney and Silas H. Dickerson and Charles S. Puff, the sureties in his official bond as constable, to recover damages for the insufficient levy of an attachment theretofore sued out by plaintiff. It appeared that defendant McKinney levied the attachment on part only of the property of the attachment defendant, who then owned sufficient property to satisfy plaintiff's claim, but after the judgment was recovered, and execution issued, the property taken under the attachment proved insufficient, and defendant McKinney returned the execution unsatisfied in part. In answer to the complaint defendant set up several defenses, as follows: That the property taken under the attachment was appraised at a valuation sufficient to satisfy plaintiff's claim against defendant therein; that the property was sacrificed at the execution sale; that defendant McKinney was informed that the attachment defendant had no other property than that seized under the attachment, and that he (McKinney) did not know of any other; that a justice of the peace has no jurisdiction in actions against public officers; and that the omission on the part of defendant McKinney was not within the conditions of his official bond. Laws N. Y. 1872, c. 788, referred to in the opinion, in pursuance of which the bond sued on was given, is as follows: "Every person chosen or appointed to the office of constable, before he enters on the duties of his office, and within eight days after he shall be notified of his election or appointment, shall take and subscribe the oath of office provided by the constitution, and shall execute, in the presence of the supervisor or town-clerk of the town, with at least two sufficient sureties, to be approved of by such supervisor or town-clerk, an instrument in writing by which such constable and his sureties shall jointly and severally agree to pay to each and every person who may be entitled thereto all such sums of money as said constable may become liable to pay on account of any execution which shall be delivered to him for collection, and shall also jointly and severally agree and become liable to pay each and every such person for any damages which he may sustain from or by any act or thing done by said constable by virtue of his office of constable. Every constable so chosen or appointed shall, in good faith, be an actual resident of the town or ward in which he shall be chosen or appointed." Code Civil Proc. N. Y. § 2865, provides that "an action cognizable by a justice of the peace may be brought * * * by or against a town or county officer in his official character." There was a verdict for defendants, and plaintiff appeals.

S. S. Gowdey, for appellant.   A. Bowen, for respondents.

BEATTIE, J. The justice had jurisdiction of this action. Code, § 2865. The bond given by the defendant McKinney, as constable, was drawn in com-

pliance with the comprehensive language of the act of 1872. By that form of bond the sureties were made liable for any breach of it by the constable, either of omission or commission on his part. The evidence is uncontradicted that there was sufficient property to satisfy the claim of plaintiff in the possession of the defendant at the time and place of levy. The defendant in the attachment (Cohen) had a place of business, and it was the duty of the constable to levy upon such property as he could find upon the premises of value sufficient to satisfy the claim under the attachment. Failing to do so, he and his sureties are liable in this action. Kneel. Attachm. 401, 402. The judgment must be reversed, with costs.